**FILED**

**FEBRUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

263-063505                                TED/sxf
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 831**

| | |
|---|---|
| SHARON K. PAGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SUNRISE SENIOR LIVING, INC., a Delaware | ) |
| Corporation; SUNRISE LINCOLN PARK | ) |
| ASSISTED LIVING, LLC, an Illinois Limited | ) |
| Liability Company; SUNRISE SENIOR LIVING | ) |
| SERVICES, INC., a Delaware Corporation; | ) |
| SUNRISE SENIOR LIVING MANAGEMENT, | ) |
| INC., a Virginia Corporation; SUNRISE SENIOR | ) |
| LIVING INVESTMENTS, INC., a Virginia | ) |
| Corporation; SUNRISE THIRD SENIOR LIVING | ) |
| HOLDINGS, LLC, a Delaware Limited Liability | ) |
| Company; SUNRISE ASSISTED LIVING , INC., | ) |
| a Corporation; and UNKNOWN AGENTS, | ) |
| SERVANTS AND/OR EMPLOYEES | ) |
| OF THE ABOVE-NAMED DEFENDANTS | ) |
| | ) |
| Defendants. | ) |

**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE COX**

**NOTICE OF REMOVAL**

**NOW COME,** the Defendants, SUNRISE SENIOR LIVING, INC., *et al.,* by and through their

attorneys, PRETZEL & STOUFFER, CHARTERED, and hereby remove this civil action, Case

Number 07 L 14212 from the Circuit Court of the County of Cook, Illinois, to the United States

District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 USC §1441 and

1332. In support thereof, the Defendants state as follows:

1.      This action was commenced against the named Defendants in the Circuit Court of the

County of Cook, State of Illinois on December 20, 2007. A copy of the Complaint was served upon

the Defendant, Sunrise Senior Living, Inc., on January 11, 2008. This notice is filed within 30 days

after service of the Complaint upon this Defendant.

2.      At the time Plaintiff, SHARON K. PAGEL, commenced this action, she was a citizen of the State of Illinois.

3.      The Defendant, SUNRISE SENIOR LIVING, INC., was a corporation organized and existing under the laws of the state of Delaware.  This Defendant had its principal place of business in the state of Virginia.

4.      The Defendant, SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, was an Illinois Limited Liability Company.   Its sole member was Sunrise Senior Living Investments, Inc., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business also in Virginia.

5.      The Defendant, SUNRISE SENIOR LIVING SERVICES, INC.,  was a corporation organized and existing under the laws of the state of Delaware.  This Defendant had its principal place of business in the state of Virginia.

6.      The Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC.,  was a corporation organized and existing under the laws of the state of Virginia.  This Defendant had its principal place of business in the state of Virginia.

7.      The Defendant, SUNRISE SENIOR LIVING INVESTMENTS, INC.,  was a corporation organized and existing under the laws of the state of Virginia.  This Defendant had its principal place of business in the state of Virginia.

8.      The Defendant, SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC,  was a Delaware Limited Liability Company, whose members include: Sunrise Senior Living Investments, Inc., a corporation organized and existing under the laws of the state of Virginia, which had its

principal place of business in the state of Virginia; and U.S. Assisted Living Facilities III, Inc., a corporation organized and existing under the laws of the state of Delaware, which had its principal place of business in the state of Georgia.

9.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff alleges that Defendants' negligence and breach of contract caused Plaintiff severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, as well as suffer great pain and anguish from said injuries. Additionally, Plaintiff alleges that she expended large sums of money endeavoring to be cured and healed of said injuries and will continue to do so in the future. Plaintiff's counsel already executed an affidavit in state court stating that the amount in controversy exceeds $50,000. Based on this information, there is a good faith basis to assert that the amount in controversy exceeds the jurisdictional amount.

10.    This action is a civil one of which the United States District Courts have original jurisdiction under 28 USC §1332. This Notice of Removal is filed in the United States District Court for the Northern District of Illinois, Eastern Division, which is the district and division in which the State action is pending.

11.    The Defendants have attached to this Notice copies of process and pleadings that have been served upon it.

3

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., *et al.*, by and through

their attorneys, PRETZEL & STOUFFER, CHARTERED, pray that this cause be removed to the

United States District Court for the Northern District of Illinois.

Respectfully submitted,

/s/ Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:     (312) 578-7524
Fax:               (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendant*

263-063505                              TED/sxf
                     IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

SHARON K. PAGEL,                               )
                                               )
              Plaintiff,                        )
                                               )
v.                                             )
                                               )
SUNRISE SENIOR LIVING, INC., a Delaware        )
Corporation; SUNRISE LINCOLN PARK              )
 ASSISTED LIVING, LLC, an Illinois Limited     )
Liability Company; SUNRISE SENIOR LIVING       )
SERVICES, INC., a Delaware Corporation;        )
SUNRISE SENIOR LIVING MANAGEMENT,              )
INC., a Virginia Corporation; SUNRISE SENIOR   )
LIVING INVESTMENTS, INC., a Virginia           )
Corporation; SUNRISE THIRD SENIOR LIVING       )
HOLDINGS, LLC, a Delaware Limited Liability    )
Company; SUNRISE ASSISTED LIVING , INC.,       )
 a Corporation; and UNKNOWN AGENTS,            )
SERVANTS AND/OR EMPLOYEES                       )
OF THE ABOVE-NAMED DEFENDANTS                   )
                                               )
              Defendants.                       )

## **ATTESTATION**

Daniel B. Mills, Esq, being first duly sworn on oath, deposes and states as follows:


        1.      He is the attorney for the defendants/petitioners, SUNRISE SENIOR LIVING , INC.,
*et al.*, in this cause.


        2.      He has prepared and read the Notice of Removal filed in this cause and has personal
knowledge of the facts and matters contained in it; and

3.      The facts and allegations contained in the Notice of Removal are true and correct to the best of his knowledge.


Respectfully submitted,

/s/Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:     (312) 578-7524
Fax:     (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendant*

# EXHIBIT

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/11/2008
CT Log Number 512970063

TO:     Kim Wilburn
        Sunrise Senior Living, Inc.
        7902 Westpark Drive
        McLean, VA 22102

RE:     **Process Served in Illinois**

FOR:    Sunrise Senior Living, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sharon K. Pagel, Pltf. vs. Sunrise Senior Living, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons (3 sets), Service List (3 sets), Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 2007L014212 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - 12/25/05 - Sunrise Assisted Living of<br>Lincoln Park - 2710 North Clark Street, Chicago IL |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/11/2008 at 09:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Steven J. Malman<br>Law Offices of Steven J. Malman & Associates<br>205 West Randolph Street<br>Suite 1040<br>Chicago, IL 60606<br>312-629-0099 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790914837762<br>Image SOP - Page(s): 22<br>Email Notification, Kim Wilburn kimberly.wilburn@sunriseseniorliving.com<br>Email Notification, Michael Stein michael.stein@sunriseseniorliving.com<br>Email Notification, Mary Edmondson mary.edmondson@sunriseseniorliving.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / LV

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

2120 - Served                                2121 - Served
2220 - Not Served                            2221 - Not Served
2320 - Served by Mail                        2321 - Served by Mail
2420 - Served by Publication                 2421 - Served by Publication
SUMMONS                                      ALIAS SUMMONS

2007L014212

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS CALENDAR/ROOM A
COUNTY DEPARTMENT, LAW DIVISION TIME 00:00
PI Other

SHARON K. PAGEL,                      )
                  Plaintiff(s),       )
                                      )           2007L014212
vs.                                   )    NO.    CALENDAR/ROOM A
                                      )           TIME 00:00
SUNRISE SENIOR LIVING, INC., a Delaware )  PLEASE SERVE: Other
Corporation; SUNRISE LINCOLN PARK ASSISTED )
LIVING, L.L.C., an Illinois Limited Liability Company; )
SUNRISE SENIOR LIVING SERVICES, INC., a )    SEE ATTACHED SERVICE LIST
Delaware Corporation; SUNRISE SENIOR LIVING )
MANAGEMENT, INC., a Virginia Corporation; )
SUNRISE SENIOR LIVING INVESTMENTS, INC., a )
Virginia Corporation; SUNRISE THIRD SENIOR )
LIVING HOLDINGS, LLC., a Delaware Limited )
Liability Company; SUNRISE ASSISTED LIVING, INC, )
a Corporation; and UNKNOWN AGENTS, SERVANTS )
AND/OR EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANTS                            )
                                      )
                  Defendant(s).       )

## SUMMONS

TO EACH DEFENDANT:
         YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office
of the clerk of this court (located in the Richard J. Daley Center, Room* 801 Chicago, Illinois 60602), within 30 days after
service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE
TAKEN AGAINST YOU FOR THE RELIEF ASKED FOR IN THE COMPLAINT, A COPY OF WHICH IS HERETO
ATTACHED.
To the officer:
         This summons must be returned by the officer or other person to whom it was given for service, with endorsement of
service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.
This summons may not be served later than 30 days after its date.

                                      WITNESS, DEC 2 0 2007

                                      .................................................
                                                          Clerk of the Court

Law Offices of Steven J. Malman
& Associates, P.C.                      Date of Service _____
Attorney for Plaintiff(s)               (To be inserted by officer on copy left with
205 West Randolph St., Ste. 1040          defendant or other person)
Chicago, IL 60606
(312) 629-0099
#31555      Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois

## SERVICE LIST

### Sharon K. Pagel v. Sunrise Senior Living, Inc., et al.

Sunrise Senior Living, Inc.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Lincoln Park Assisted Living, L.L.C.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Senior Living Services, Inc.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Senior Living Management, Inc.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Senior Living Investments, Inc.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Third Senior Living Holdings LLC
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

2120 - Served                     2121 - Served
2220 - Not Served                 2221 - Not Served
2320 - Served by Mail             2321 - Served by Mail
2420 - Served by Publication      2421 - Served by Publication
SUMMONS                           ALIAS SUMMONS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2007L014212
CALENDAR/ROOM A
TIME 00:00
PI Other

SHARON K. PAGEL,                       )
                    Plaintiff(s),       )
                                        )     NO.    2007L014212
vs.                                     )            CALENDAR/ROOM A
                                        )            TIME 00:00
SUNRISE SENIOR LIVING, INC., a Delaware )            PI Other
Corporation; SUNRISE LINCOLN PARK ASSISTED )
LIVING, L.L.C., an Illinois Limited Liability Company; )   **PLEASE SERVE:**
SUNRISE SENIOR LIVING SERVICES, INC., a )
Delaware Corporation; SUNRISE SENIOR LIVING )   SEE ATTACHED SERVICE LIST
MANAGEMENT, INC., a Virginia Corporation; )
SUNRISE SENIOR LIVING INVESTMENTS, INC., a )
Virginia Corporation; SUNRISE THIRD SENIOR )
LIVING HOLDINGS, LLC., a Delaware Limited )
Liability Company; SUNRISE ASSISTED LIVING, INC, )
a Corporation; and UNKNOWN AGENTS, SERVANTS )
AND/OR EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANTS                              )
                                        )
                    Defendant(s).       )

## SUMMONS

**TO EACH DEFENDANT:**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room* 801 Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED FOR IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,.................................................. DEC 20 2007

.................................................................
Clerk of the Court

Law Offices of Steven J. Malman
& Associates, P.C.
Attorney for Plaintiff(s)                  Date of Service _____
205 West Randolph St., Ste. 1040           (To be inserted by officer on copy left with
Chicago, IL 60606                             defendant or other person)
(312) 629-0099
#31555      Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois

## SERVICE LIST

**Sharon K. Pagel v. Sunrise Senior Living, Inc., et al.**

Sunrise Senior Living, Inc.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Lincoln Park Assisted Living, L.L.C.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Senior Living Services, Inc.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Senior Living Management, Inc.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Senior Living Investments, Inc.
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

Sunrise Third Senior Living Holdings LLC
Through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, Illinois 60604

#31555

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARMENT, LAW DIVISION

| | | |
|---|---|---|
| SHARON K. PAGEL, | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | NO. |
| SUNRISE SENIOR LIVING, INC., a Delaware | ) | |
| Corporation; SUNRISE LINCOLN PARK | ) | |
| ASSISTED LIVING, L.L.C., an Illinois Limited | ) | |
| Liability Company; SUNRISE SENIOR LIVING | ) | |
| SERVICES, INC., a Delaware Corporation; | ) | |
| SUNRISE SENIOR LIVING MANAGEMENT, | ) | |
| INC., a Virginia Corporation; SUNRISE SENIOR | ) | |
| LIVING INVESTMENTS, INC., a Virginia | ) | |
| Corporation; SUNRISE THIRD SENIOR | ) | |
| LIVING HOLDINGS, LLC., a Delaware Limited | ) | |
| Liability Company; SUNRISE ASSISTED | ) | |
| LIVING, INC, a Corporation; and UNKNOWN | ) | |
| AGENTS, SERVANTS AND/OR EMPLOYEES | ) | |
| OF THE ABOVE-NAMED DEFENDANTS | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

CALENDAR/ROOM A
TIME 00:00
PI Other

07 DEC 20  PM 4:02
CLERK OF COOK

**COMPLAINT AT LAW**

<u>**COUNT I**</u>

**NEGLIGENCE**

NOW COMES the Plaintiff, SHARON K. PAGEL, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.    That on and before December 25, 2005 and at all times material, Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, were the owners, licensees, and/or operators of an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

2.    That at all times relevant, the Defendants were under a duty to own, operate, manage, maintain and control the property and its assisted-living facility with ordinary and reasonable care.

3.    That on and before December 25, 2005, and at all times material, Plaintiff, SHARON K. PAGEL, was a resident of Defendants' assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

4.    That on and before December 25, 2005, and at all times material, Defendant provided for an additional fee staff administration of medications to Plaintiff.

5.    That on said date, it was the duty of Defendants and Defendant's agents to own, operate, manage, maintain and control the facility with ordinary and reasonable care.

6.    That on that same date, Defendants, individually and through their employees and agents, violated their duty to Plaintiff by committing the following acts and/or omissions:

      a.   That Defendants failed to administer Plaintiff's prescription medication to Plaintiff;

      b.   That Defendants failed to provide adequate supervision to the Plaintiff, when Defendants knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

c.   That Defendants failed to properly attend to the Plaintiff by leaving her prescription medication in her room, permitting the Plaintiff to administer her own prescription medication when the Defendants knew or should have known that the Plaintiff was incapable of properly administrating her own prescription medication;

d.   That Defendants failed to properly maintain the Plaintiff's prescription medication in that said medication was left unattended in Plaintiff's room when Defendants knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

e.   That the Defendants failed to obtain sufficient and proper trained personnel who could attend to the Plaintiff; and

f.   That the Defendants failed to adequately train and supervise its agents in the proper maintenance and care of its residents such as Plaintiff.

7.    That as a direct and proximate result of Defendants' violation of its duty as aforesaid, Plaintiff overdosed on her prescription medication when she attempted to administer her own prescription medication.

8.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, the Plaintiff then and there sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and lost, and will continue to lose, the value of that time as aforementioned. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

WHEREFORE, Plaintiff, SHARON K. PAGEL, prays for judgment against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR

LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE
ASSISTED LIVING, INC, a Corporation, in an amount in excess of FIFTY-
THOUSAND ($50,000.00) DOLLARS, plus costs of this action.

## COUNT II

### BREACH OF CONTRACT

NOW COMES the Plaintiff, SHARON K. PAGEL, by and through the LAW
OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint
against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation;
SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability
Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation;
SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE
SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD
SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and
SUNRISE ASSISTED LIVING, INC, a Corporation, and pleading both in the alternative
and hypothetical, states as follows:

1.      That on and before December 25, 2005 and at all times material,
Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE
LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company;
SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE
SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR
LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR
LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE
ASSISTED LIVING, INC, a Corporation, were the owners, licensees, and/or operators of
an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park
located at 2710 North Clark Street in the City of Chicago, County of Cook and State of
Illinois.

2.      That on and before December 25, 2005, and at all times material, Plaintiff,
SHARON K. PAGEL, was a resident of Defendants' assisted-living facility commonly

known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

3.      That on and before said date, a contract was entered into between the Plaintiff and Defendants, which included additional assisted living services.

4.      That pursuant to said contract, an additional fee was paid by the Plaintiff for the Defendants to perform additional assisted living services.

5.      That it was contracted between the parties that additional assisted living services would be provided for an additional fee, including staff administration of medications to Plaintiff.

6.      That on December 25, 2005, said contract between the Plaintiff and Defendant was in full force and effect.

7.      That on said date, it was the duty of Defendants and Defendants' agents to perform the services that were contracted between the Plaintiff and Defendants.

8.      That on that same date, Defendants, individually and through their employees and agents, breached said contract by committing the following acts and/or omissions:

    a.  That Defendants failed to administer Plaintiff's prescription medication to Plaintiff;

    b.  That Defendants failed to provide adequate supervision to the Plaintiff, when Defendants knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

    c.  That Defendants failed to properly attend to the Plaintiff by leaving her prescription medication in her room, permitting the Plaintiff to administer her own prescription medication when the Defendants knew or should have known that the Plaintiff was incapable of properly administrating her own prescription medication;

    d.  That Defendants failed to properly maintain the Plaintiff's prescription medication in that said medication was left unattended in Plaintiff's room when Defendants knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

    e.  That the Defendants failed to obtain sufficient and proper trained personnel who could attend to the Plaintiff.

9. That as a direct and proximate result of Defendants' breach of contract as aforesaid, Plaintiff overdosed on her prescription medication when she attempted to administer her own prescription medication.

10. That as a direct and proximate result of Defendants' breach of contract, the Plaintiff then and there sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and lost, and will continue to lose, the value of that time as aforementioned. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

WHEREFORE, Plaintiff, SHARON K. PAGEL, prays for judgment against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, in an amount in excess of FIFTY-THOUSAND ($50,000.00) DOLLARS, plus costs of this action.

## COUNT III

### NURSING HOME CARE ACT

NOW COMES the Plaintiff, SHARON K. PAGEL, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD

SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.    That on and before December 25, 2005 and at all times material, Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, were the owners, licensees, and operatosr of the long-term care facility known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., (hereinafter, the "ACT").

2.    That on and before December 25, 2005 and at all times material, Defendants were doing business as Sunrise Assisted Living of Lincoln Park, and was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

3.    That on and before December 25, 2005 and at all times material, Defendants were subject to the requirements of 42 U.S.C. sec. 1396r (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987("OBRA").

4.    That on and before December 25, 2005 and at all times material, Defendant were subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGLATIONS"), as effective on October 1, 1990.

5.    That on and before December 25, 2005 and at all times material, Defendants provided their residents with medical and nursing care and other daily living

assistance, by staffing and employing physicians, nurses and other health care professionals.

6.     That on and before December 25, 2005 and at all times material, Defendants and their owners, officers, employees and agents were under a statutory obligation not to violate the rights of any resident of the facility including the obligation not to abuse or neglect any resident as provided by the ACT as follows:

> a.   An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident  (210 ILCS 45/2-107);
>
> b.   "Abuse" means any physical or health injury...inflicted on a resident other than by accidental means in a facility. (210 ILCS 45/1-103); and
>
> c.   "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or health injury to a resident or in the deterioration of a resident's physical or health condition. (210 ILCS 45/1-117).

7.     That on and before December 25, 2005,  and at all times material, Plaintiff, SHARON K. PAGEL, was a person residing in and receiving personal care from Defendants' facility.

8.     That on said date, it was the duty of Defendants and Defendants' agents and employees to refrain from neglecting Plaintiff pursuant to the Act at 210 ILCS 45/2-107.

9.     That on that same date, Defendants, through their employees and agents, violated their duty to Plaintiff by committing the following acts and/or omissions:

> a.   That Defendants failed to provide adequate medical care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to her injuries and physical deterioration;
>
> b.   That Defendants failed to provide adequate personal care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to her injuries and physical deterioration,
>
> c.   That Defendants failed to provide adequate maintenance, within the meaning of 210 ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to her injuries and physical deterioration;

d.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117, that lead to her injuries and physical deterioration.

10.   That as a direct and proximate result of Defendants' violation of its duty as aforesaid, Plaintiff overdosed on her prescription medication when she attempted to administer her own prescription medication.

11.   That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering and medical expenses.

12.   That the NURSING HOME CARE ACT, as amended, provides that the "licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part I of Article II of this Act, are violated. "210 ILCS 45/3-602.;

13.   That the NURSING HOME CARE ACT, as amended, provides that the "owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employee which injures the resident." "210 ILCS 45/3-601.

WHEREFORE, Plaintiff, SHARON K. PAGEL, prays for judgment against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, in an amount necessary to compensate them fully and fairly for all losses compensable under the Act, including costs and attorneys' fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, in an amount in excess of the jurisdictional limits of this court.

## COUNT IV

**NEGLIGENCE**

NOW COMES the Plaintiff, SHARON K. PAGEL, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.     That on and before January of 2007 and at all times material, Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, were the owners, licensees, and/or operators of an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

2.     That at all times relevant, the Defendants were under a duty to own, operate, manage, maintain and control the property and its assisted-living facility with ordinary and reasonable care.

3.     That on and before January of 2007, and at all times material, Plaintiff, SHARON K. PAGEL, was a resident of Defendants' assisted-living facility commonly

known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

4.    That on said date, it was the duty of Defendants and Defendants' agents to own, operate, manage, maintain and control the facility with ordinary and reasonable care.

5.    That on that same date, Defendants, individually and through their employees and agents, violated their duty to Plaintiff by committing the following acts and/or omissions:

    a.    That Defendants failed to adequately examine Plaintiff for early signs of decubitus ulcers;

    b.    That the Defendants failed to provide Plaintiff with adequate skin care that would be reasonably expected to reduce his risk of developing decubitus ulcers;

    c.    That the Defendants failed to properly care and maintain Plaintiff causing her to develop decubitus ulcers;

    d.    That the Defendants failed to document the development of Plaintiff's decubitus ulcers;

    e.    That the Defendants failed to discover that Plaintiff had developed decubitus ulcers;

    f.    That the Defendants failed to adequately treat Plaintiff's decubitus ulcers;

    g.    That the Defendants failed to adequately train and supervise its agents in the proper maintenance and care of its residents such as Plaintiff in that Plaintiff developed decubitus ulcers; and

    h.    That the Defendants failed to transfer Plaintiff to a nursing home so that Plaintiff might receive a higher level of care for her decubitus ulcers.

6.    That as a direct and proximate result of Defendants' violation of their duty as aforesaid, Plaintiff developed and/or experienced a worsening of her decubitus ulcers which eventually increased in size and severity.

7.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, the Plaintiff then and there sustained severe and permanent injuries and was, and will be, hindered and prevented from

attending to her usual duties and affairs of life, and lost, and will continue to lose, the value of that time as aforementioned. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

WHEREFORE, Plaintiff, SHARON K. PAGEL, prays for judgment against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, in an amount in excess of FIFTY-THOUSAND ($50,000.00) DOLLARS, plus costs of this action.

## COUNT V

### NURSING HOME CARE ACT

NOW COMES the Plaintiff, SHARON K. PAGEL, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.    That on and before January of 2007 and at all times material, Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN

PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, were the owners licensees, and operators of the long-term care facility known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., (hereinafter, the "ACT").

2.    That on and before January of 2007 and at all times material, Defendants were doing business as Sunrise Assisted Living of Lincoln Park, and was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

3.    That on and before January of 2007 and at all times material, Defendants were subject to the requirements of 42 U.S.C. sec. 1396r (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987("OBRA").

4.    That on and before January of 2007 and at all times material, Defendants were subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGLATIONS"), as effective on October 1, 1990.

5.    That on and before January of 2007 and at all times material, Defendants provided their residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

6.    That on and before January of 2007 and at all times material, Defendants and their owners, officers, employees and agents were under a statutory obligation not to violate the rights of any resident of the facility including the obligation not to abuse or neglect any resident as provided by the ACT as follows:

    a.    An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident  (210 ILCS 45/2-107);

b.  "Abuse" means any physical or health injury...inflicted on a resident other than by accidental means in a facility. (210 ILCS 45/1-103); and

c.  "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or health injury to a resident or in the deterioration of a resident's physical or health condition. (210 ILCS 45/1-117).

7.    That on and before January of 2007, and at all times material, Plaintiff, SHARON K. PAGEL, was a person residing in and receiving personal care from Defendant's facility.

8.    That on said date, it was the duty of Defendants and Defendants' agents and employees to refrain from neglecting Plaintiff pursuant to the Act at 210 ILCS 45/2-107.

9.    That on that same date, Defendants, through their employees and agents, violated their duty to Plaintiff by committing the following acts and/or omissions:

a.  That Defendants failed to provide adequate medical care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to his injuries and physical deterioration;

b.  That Defendants failed to provide adequate personal care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to his injuries and physical deterioration,

c.  That Defendants failed to provide adequate maintenance, within the meaning of 210 ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to his injuries and physical deterioration;

d.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117, that lead to his injuries and physical deterioration.

e.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendant failed to properly assess Plaintiff's risk of developing decubitus ulcers;

f.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendant failed to take into account Plaintiff's medical history in developing a reasonable plan for reducing her risk of developing decubitus ulcers;

g.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants failed to adequately examine Plaintiff for early signs of decubitus ulcers;

h.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants failed to provide Plaintiff with adequate skin care that would be reasonably expected to reduce her risk of developing decubitus ulcers;

i.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants caused Plaintiff to develop decubitus ulcers as a result of the negligent conduct enumerated in e)—h) above;

j.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants failed to document the development of Plaintiff's decubitus ulcers;

k.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants failed to discover that Plaintiff had developed decubitus ulcers;  and

l.  That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants failed to adequately treat Plaintiff's decubitus ulcers.

10.    That as a direct and proximate result of Defendants' violation of their duty as aforesaid, Plaintiff developed and/or experienced a worsening of her decubitus ulcers which eventually increased in size and severity.

11.    That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering and medical expenses.

12.    That the NURSING HOME CARE ACT, as amended, provides that the "licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part I of Article II of this Act, are violated. "210 ILCS 45/3-602.;

13.    That the NURSING HOME CARE ACT, as amended, provides that the "owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employee which injures the resident." "210 ILCS 45/3-601.

WHEREFORE, Plaintiff, SHARON K. PAGEL, prays for judgment against Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, in an amount necessary to compensate them fully and fairly for all losses compensable under the Act, including costs and attorneys' fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, in an amount in excess of the jurisdictional limits of this court.

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.

_____

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C., #31555
205 West Randolph Street
Suite 1040
Chicago, Illinois 60606
(312) 629-0099

#31555

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARMENT, LAW DIVISION

SHARON K. PAGEL,                              )
                        Plaintiff(s),         )
                                              )
vs.                                           )
                                              )            NO.
SUNRISE  SENIOR  LIVING,  INC.,  a  Delaware) 
Corporation;  SUNRISE  LINCOLN  PARK  ASSISTED)
LIVING, L.L.C., an Illinois Limited Liability Company;)
SUNRISE  SENIOR  LIVING  SERVICES,  INC.,  a)
Delaware  Corporation;  SUNRISE  SENIOR  LIVING)
MANAGEMENT,  INC.,  a  Virginia  Corporation;)
SUNRISE SENIOR LIVING INVESTMENTS, INC., a)
Virginia  Corporation;  SUNRISE  THIRD  SENIOR)
LIVING  HOLDINGS,  LLC.,  a  Delaware  Limited)
Liability  Company;  SUNRISE  ASSISTED  LIVING,)
INC,  a  Corporationand  UNKNOWN  AGENTS,)
SERVANTS  AND/OR  EMPLOYEES  OF  THE)
ABOVE-NAMED DEFENDANTS                        )
                                              )
                        Defendant(s).         )
                                              )

## AFFIDAVIT

I, having come to be sworn duly under oath, hereby state and firm as follows:

1.    That I am the attorney for the plaintiff in this matter.

2.    That based upon my investigation and knowledge of this case plaintiff is seeking money damages in excess of $50,000.00, further affiant sayeth not.

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.

_____
Attorney for Plaintiff(s)

SUBSCRIBED AND SWORN TO
before me this _____ day
of _____, 200__

_____
Notary Public

Official Seal
Christine B Fidone
Notary Public State of Illinois
My Commission Expires 07/11/2011

17

## CERTIFICATE OF SERVICE

A copy of the **Defendants' Notice of Removal, Civil Sheet, Appearance,** and **Answer** was filed electronically this **8th day of February**, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

**ATTORNEY FOR PLAINTIFF**
Derek T. Allen, Esq.
Law Offices of Steven J. Malman & Associates, P.C.
205 W. Randolph Street
Suite 1040
Chicago, Illinois 60606
Telephone: (312) 629-0099
Fax: (312) 629-1188
E-Mail: malmanlaw@yahoo.com

Respectfully submitted,

/s/Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:     (312) 578-7524
Fax:              (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendant*