**FILED**

**FEBRUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

263-063505                              TED/sxf
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 831**

| | |
|---|---|
| SHARON K. PAGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SUNRISE SENIOR LIVING, INC., a Delaware | ) |
| Corporation; SUNRISE LINCOLN PARK | ) |
| ASSISTED LIVING, LLC, an Illinois Limited | ) |
| Liability Company; SUNRISE SENIOR LIVING | ) |
| SERVICES, INC., a Delaware Corporation; | ) |
| SUNRISE SENIOR LIVING MANAGEMENT, | ) |
| INC., a Virginia Corporation; SUNRISE SENIOR | ) |
| LIVING INVESTMENTS, INC., a Virginia | ) |
| Corporation; SUNRISE THIRD SENIOR LIVING | ) |
| HOLDINGS, LLC, a Delaware Limited Liability | ) |
| Company; SUNRISE ASSISTED LIVING , INC., | ) |
| a Corporation; and UNKNOWN AGENTS, | ) |
| SERVANTS AND/OR EMPLOYEES | ) |
| OF THE ABOVE-NAMED DEFENDANTS | ) |
| | ) |
| Defendants. | ) |

**JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE COX**

<u>ANSWER TO COMPLAINT AT LAW</u>

**NOW COME**, the Defendants, SUNRISE SENIOR LIVING, INC., *et al.,* by and through

their  attorneys, PRETZEL & STOUFFER, CHARTERED, and for their answers to the Plaintiff's

Complaint state as follows:

<u>COUNT I</u>

<u>NEGLIGENCE</u>

1.      That on and before December 25, 2005 and at all times material, Defendants,

SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK

ASSISTED LIVING, LLC, an Illinois Limited Liability Company; SUNRISE SENIOR LIVING

SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., A Virginia Corporation, SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, were the owners, licensees, and/or operators of an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

**ANSWER**:    The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that it was the manager and licensee of an assisted-living facility known as Sunrise of Lincoln Park, located at 2710 N. Clark Street, Chicago Illinois, and denies all remaining allegations of Paragraph 1, Count I.  The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC.,  SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the allegations contained in Paragraph 1, Count I.

2.    That at all times relevant, the Defendants were under a duty to own, operate, manage, maintain and control the property and its assisted-living facility with ordinary and reasonable care.

**ANSWER**:    Each Defendant states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Each Defendant denies all other allegations of Paragraph 2, Count I.

3.    That on and before December 25, 2005, and at all times material, Plaintiff, SHARON K. PAGEL, was a resident of Defendants' assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

**ANSWER**:    The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only

that Plaintiff, SHARON K. PAGEL, was a resident of Sunrise of Lincoln Park, located at 2710 North

Clark Street in the City of Chicago, County of Cook and State of Illinois, and denies all remaining

allegations of Paragraph 3, Count I. The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE

LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC.,

SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING

HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the allegations contained in

Paragraph 3, Count I.

4.    That on and before December 25, 2005, and at all times material, Defendant provided

for an additional fee staff administration of medications to Plaintiff.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 4, Count I.

5.    That on said date, it was the duty to Defendants and Defendant's agents to own,

operate, manage, maintain and control the facility with ordinary and reasonable care.

**ANSWER**:    Each Defendant states affirmatively that it followed all duties, statutes, regulations,

ordinances and obligations established by all applicable law.  Each Defendant denies all other

allegations of Paragraph 5, Count I.

6.    That on that same date, Defendants, individually and through their employees and

agents, violated their duty to Plaintiff by committing the following acts and/or omissions:

a.    That Defendants failed to administer Plaintiff's prescription medication to Plaintiff;

b.    That Defendants failed to provide adequate supervision to the Plaintiff, when
        Defendants know or should have known that the Plaintiff was incapable of properly
        administering her own prescription medication;

c.    That Defendants failed to properly attend to the Plaintiff by leaving her prescription
        medication in her room, permitting the Plaintiff to administer her own prescription
        medication when the Defendants knew or should have known that the Plaintiff was

incapable of properly administering her own prescription medication;

d.    That Defendants failed to properly maintain the Plaintiff's prescription medication in that said medication was left unattended in Plaintiff's room when Defendants knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

e.    That the Defendants failed to obtain sufficient and proper trained personnel who could attend the Plaintiff; and

f.    That the Defendants failed to adequately train and supervise its agents in the proper maintenance and care of its residents such as Plaintiff.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 6, (a) through (f) inclusive, Count I.

7.    That as a direct and proximate result of the Defendants' violation of its duty as aforesaid, plaintiff overdosed on her prescription medication when she attempted to administer her own prescription medication.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 7, Count I.

8.    That a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, the Plaintiff then and there sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her ususal duties and affairs of life, and lost, and will continue to lose, the value of that time as aforementioned. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 8, Count I.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., *et al.*, state that Plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT II

### BREACH OF CONTRACT

1.    That on and before December 25, 2005 and at all times material, Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., A Virginia Corporation, SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, were the owners, licensees, and/or operators of an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

**ANSWER**:    The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that it was the manager and licensee of an assisted-living facility known as Sunrise of Lincoln Park, located at 2710 N. Clark Street, Chicago Illinois, and denies all remaining allegations of Paragraph 1, Count II.  The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the allegations contained in Paragraph 1, Count II.

2.    That on and before December 25, 2005 and at all times material, Plaintiff, SHARON K. PAGEL, was a resident of Defendants' assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

**ANSWER**:    The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that Plaintiff, SHARON K. PAGEL, was a resident of Sunrise of Lincoln Park,  located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois, and denies all remaining allegations of Paragraph 2, Count II. The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC.,  SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the allegations contained in Paragraph 2, Count II.

3.    That on and before said date, a contract was entered into between the Plaintiff and Defendants, which included additional assisted living services.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 3, Count II.

4.    That pursuant to said contract, an additional fee was paid by the Plaintiff for the Defendants to perform additional assisted living services.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 4, Count II.

5.    That it was contracted between the parties that additional assisted living services would be provided for an additional fee, including staff administration of medications to Plaintiff.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 5, Count II.

6.    That on December 25, 2005 said contract between the Plaintiff and Defendant was in full force and effect.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 6, Count II.

7.    That on said date, it was the duty of Defendants and Defendants' agents to perform the services that were contracted between the Plaintiff and Defendants.

**ANSWER**:     Each Defendant states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Each Defendant denies all other allegations of Paragraph 7, Count II.

8.     That on that same date, Defendants, individually and through their employees and agents, breached said contract by committing the following acts and/or omissions:

a.     That Defendants failed to administer Plaintiff's prescription medication to Plaintiff;

b.     That Defendants failed to provide adequate supervision to the Plaintiff, when Defendants know or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

c.     That Defendants failed to properly attend to the Plaintiff by leaving her prescription medication in her room, permitting the Plaintiff to administer her own prescription medication when the Defendants knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

d.     That Defendants failed to properly maintain the Plaintiff's prescription medication in that said medication was left unattended in Plaintiff's room when Defendants knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

e.     That the Defendants failed to obtain sufficient and proper trained personnel who could attend the Plaintiff.

**ANSWER**:     Each Defendant denies the allegations of Paragraph 8, (a) through (e) inclusive, Count II.

9.     That as a direct and proximate result of Defendants' breach of contract as aforesaid, Plaintiff overdosed on her prescription medication when she attempted to administer her own prescription medication.

**ANSWER**:     Each Defendant denies the allegations of Paragraph 9, Count II.

10.     That a direct and proximate result of Defendants' breach of contract,  the Plaintiff then and there sustained severe and permanent injuries and was, and will be, hindered and prevented

from attending to her ususal duties and affairs of life, and lost, and will continue to lose, the value of that time as aforementioned. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 6, Count II.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., *et al.*, state that Plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

<u>**COUNT III**</u>

**NURSING HOME CARE ACT**

1.    That on and before December 25, 2005 and at all times material, Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., A Virginia Corporation, SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, were the owners, licensees, and/or operators of an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., (hereinafter, the "ACT").

**ANSWER**:    Each Defendant admits that the statutes, 210 ILCS 45/1-101, *et seq.*, exist. The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits that it was the manager and

licensee of an assisted-living facility known as Sunrise of Lincoln Park, located at 2710 N. Clark Street, Chicago Illinois, and denies all remaining allegations of Paragraph 1, Count III.  The Defendants, SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the remaining allegations contained in Paragraph 1, Count III, and all specifically deny that the statute referenced applies.

2.      That on and before December 25, 2005 and at all times material, Defendants were doing business as Sunrise Assisted Living of Lincoln Park, and was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

**ANSWER**:      Each Defendant denies the allegations contained in Paragraph 2, Count III.

3.      That on and before December 25, 2005 and at all times material, Defendants were subject to the requirements of 42 U.S.C. sec. 139r (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA").

 **ANSWER**:      Each Defendant denies the allegations of Paragraph 3, Count III.

4.      That on and before December 25, 2005 and at all times material, Defendants were subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATIONS"), as effective on October 1, 1990.

**ANSWER**:      Each Defendant denies the allegations of Paragraph 4, Count III.

5.      That on and before December 25, 2005 and at all times material, Defendants provided there residents with medical and nursing care and other daily living assistance, by staffing and

employing physicians, nurses and other health care professionals.

**ANSWER**:    The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that it was the manager and licensee of an assisted-living facility known as Sunrise of Lincoln Park, located at 2710 N. Clark Street, Chicago Illinois, and denies all remaining allegations of Paragraph 5, Count III.  The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the allegations contained in Paragraph 5, Count III.

6.    That on and before December 25, 2005 and at all times material, Defendants and their owners, officers, employees and agents were under a statutory obligation not to violate the rights of any resident of the facility including the obligation not to abuse or neglect any resident as provided by the ACT as follows:

a.    An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident (210 ILCS 45/2-107);

b.    "Abuse" means any physical or health injury...inflicted on a resident other than by accidental means in a facility. (210 ILCS 45/1-103); and

c.    "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or health injury to a resident or in the deterioration of a resident's physical or health condition. (210 ILCS 45/1/117).

**ANSWER**:    Each Defendant states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Each Defendant denies all other allegations of Paragraph 6, Count III, and specifically deny that these statutes apply.

7.    That on and before December 25, 2005, and at all times material, Plaintiff, SHARON K. PAGEL, was a person residing in and receiving personal care from Defendants' facility.

**ANSWER**:    The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only

that Plaintiff, SHARON K. PAGEL, was a resident of Sunrise of Lincoln Park, located at 2710

North Clark Street in the City of Chicago, County of Cook and State of Illinois, and denies all

remaining allegations of Paragraph 7, Count III. The Defendants SUNRISE SENIOR LIVING, INC.,

SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES,

INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING

HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the allegations contained in

Paragraph 7, Count III.

      8.    That on said date, it was the duty of Defendants and Defendants' agents and

employees to refrain from neglecting Plaintiff pursuant to the Act at 210 ILCS 42/2-107.

**ANSWER**:    Each Defendant states affirmatively that it followed all duties, statutes, regulations,

ordinances and obligations established by all applicable law. Each Defendant denies all other

allegations of Paragraph 6, Count III, and specifically deny that this statute applies.

      9.    That on that same date, Defendants, through their employees and agents, violated

their duty to Plaintiff by committing the following acts and/or omissions:

    a.    That Defendants failed to provide adequate medical care, within the meaning of 210
        ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to her injuries and
        physical deterioration;

    b.    That Defendants failed to provide adequate personal care, within the meaning of 210
        ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to her injuries and
        physical deterioration,

    c.    That Defendants failed to provide adequate maintenance, within the meaning of 210
        ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to her injuries and
        physical deterioration;

    d.    That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning
        of 210 ILCS 45/1-117, that lead to her injuries and physical deterioration.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 9, (a) through (d) inclusive, Count

III.

10.    That as a direct and proximate result of Defendants' violation of its duty as aforesaid, Plaintiff overdosed on her prescription medication when she attempted to administer her own prescription medication.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 10, Count III.

11.    That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering and medical expenses.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 11, Count III.

12.    That the NURSING HOME CARE ACT, as amended, provides that the "licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part I of Article II of this Act, are violated. "210 ILCS 45/3-602;

**ANSWER**:    Each Defendant only admits that the statute 210 ILCS 45/3-602 exists, and denies the remaining allegations of Paragraph 12, Count III, and specifically deny that this statute applies.

13.    That the NURSING HOME ACT, as amended, provides that the "owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employee which injuries the resident." "210 ILCS 45/3-601.

**ANSWER**:    Each Defendant only admits that the statute 210 ILCS 45/3-601 exists, and denies the remaining allegations of Paragraph 12, Count III, and specifically deny that this statute applies.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., *et al.*, state that Plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT IV

### NEGLIGENCE

1.      That on and before January of 2007 and at all times material, Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, were the owners, licensees, and/or operators of an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

**ANSWER**:      The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that it was the manager and licensee of an assisted-living facility known as Sunrise of Lincoln Park, located at 2710 N. Clark Street, Chicago Illinois, and denies all remaining allegations of Paragraph 1, Count IV.  The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC.,  SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the allegations contained in Paragraph 1, Count IV.

2.      That at all times relevant, the Defendants were under a duty to own, operate, manage, maintain and control the property and its assisted-living facility with ordinary and reasonable care.

**ANSWER**:      Each Defendant states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Each Defendant denies all other allegations of Paragraph 2, Count IV.

3.      That on and before January of 2007, and at all times material, Plaintiff, SHARON K. PAGEL, was a resident of Defendants' assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

**ANSWER**:    The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that Plaintiff, SHARON K. PAGEL, was a resident of Sunrise of Lincoln Park,  located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois, and denies all remaining allegations of Paragraph 3, Count IV. The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC.,  SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the allegations contained in Paragraph 3, Count IV.

4.      That on said date, it was the duty of Defendants and Defendants' agents to own, operate, manage, maintain and control the facility with ordinary and reasonable care.

**ANSWER**:    Each Defendant states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Each Defendant denies all other allegations of Paragraph 4, Count IV.

5.      That on that same date, Defendants, individually and through their employees and agents, violated their duty to Plaintiff by committing the following acts and/or omissions:

a.      That Defendants failed to adequately examine Plaintiff for early signs of decubitus ulcers;

b.      That the Defendants failed to provide Plaintiff with adequate skin care that would be reasonably expected to reduce his risk of developing decubitus ulcers;

c.      That the Defendants failed to properly care and maintain Plaintiff causing her to

develop decubitus ulcers;

d.      That the Defendants failed to document the development of Plaintiff's decubitus ulcers;

e.      That the Defendants failed to discover that Plaintiff had developed decubitus ulcers;

f.      That the Defendants failed to adequately treat Plaintiff's decubitus ulcers;

g.      That the Defendants failed to adequately train and supervise its agents in the proper maintenance and care of its residents such as Plaintiff in that Plaintiff developed decubitus ulcers; and

h.      That the Defendants failed to transfer Plaintiff to a nursing home so that Plaintiff might receive a higher level of care for her decubitus ulcers.

**ANSWER**:      Each Defendant denies the allegations of Paragraph 5, (a) through (h) inclusive, Count III.

6.      That as a direct and proximate result of Defendants' violation of their duty as aforesaid, Plaintiff developed and/or experienced a worsening of her decubitus ulcers which eventually increased in size and severity.

**ANSWER**:      Each Defendant denies the allegations of Paragraph 6, Count IV.

7.      That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, the Plaintiff then and there sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and lost, and will continue to lose, the value of that time as aforementioned.  Further Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

**ANSWER**:      Each Defendant denies the allegations of Paragraph 7, Count IV.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., *et al.*, state that

Plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

**COUNT V**

**NURSING HOME CARE ACT**

1.        That on and before January of 2007 and at all times material, Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation; SUNRISE LINCOLN PARK ASSISTED LIVING, L.L.C., an Illinois Limited Liability Company; SUNRISE SENIOR LIVING SERVICES, INC., a Delaware Corporation; SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation; SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation; SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., a Delaware Limited Liability Company; and SUNRISE ASSISTED LIVING, INC, a Corporation, were the owners licensees, and operators of the long-term care facility known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., (hereinafter, the "ACT").

**ANSWER**:      Each Defendant admits that the statutes, 210 ILCS 45/1-101, *et seq.*, exist.  The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits that it was the manager and licensee of an assisted-living facility known as Sunrise of Lincoln Park, located at 2710 N. Clark Street, Chicago Illinois, and denies all remaining allegations of Paragraph 1, Count III.  The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the remaining allegations contained in Paragraph 1, Count V, and all specifically deny that these statutes apply.

2.      That on and before January of 2007 and at all times material, Defendants were doing business as Sunrise Assisted Living of Lincoln Park, and was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the ACT.

**ANSWER**:      Each Defendant states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that it was the manager and licensee of an assisted-living facility known as Sunrise of Lincoln Park, located at 2710 N. Clark Street, Chicago Illinois, and denies all remaining allegations of Paragraph 2, Count V.  The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the remaining allegations contained in Paragraph 2, Count V, and all specifically deny that this statute applies.

3.      That on and before January of 2007 and at all times material , Defendants were subject to the requirements of 42 U.S.C. sec. 1396r (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987("OBRA").

**ANSWER**:      Each Defendant denies the allegations of Paragraph 3, Count V.

4.      That on and before January of 2007 and at all times material, Defendants were subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATIONS"), as effective on

October 1, 1990.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 4, Count V.

5.    That on and before January of 2007 and at all times material, Defendants provided their residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

**ANSWER**:    The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that it was the manager and licensee of an assisted-living facility known as Sunrise of Lincoln Park, located at 2710 N. Clark Street, Chicago Illinois, and denies all remaining allegations of Paragraph 5, Count V, and this provided care and assistance to its residents. The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC.,  SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the remaining allegations contained in Paragraph 5, Count V.

6.    That on and before January of 2007 and at all times material, Defendants and their owners, officers, employees and agents were under a statutory obligation not to violate the rights of any resident of the facility including the obligation not to abuse or neglect any resident as provided by the ACT as follows:

a.    An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident (210 ILCS 45/2-107);

b.    "Abuse" means any physical or health injury...inflicted on a resident other than by accidental means in a facility. (210 ILCS 45/1-103); and

c.    "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or health injury to a resident or in the deterioration of a resident's physical or health condition. (210 ILCS 45/1-117).

**ANSWER**:    Each Defendant states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Each Defendant denies all allegations of Paragraph 6, a through c inclusive, Count V, and specifically deny that these statutes apply.

7.    That on and before January of 2007, and at all times material, Plaintiff, SHARON K. PAGEL, was a person residing in and receiving personal care from Defendant's facility.

**ANSWER**:    The Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that Plaintiff, SHARON K. PAGEL, was a resident of Sunrise of Lincoln Park,  located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois, and denies all remaining allegations of Paragraph 7, Count V. The Defendants SUNRISE SENIOR LIVING, INC., SUNRISE LINCOLN PARK ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING SERVICES, INC.,  SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SENIOR LIVING HOLDINGS, LLC., and SUNRISE ASSISTED LIVING, INC., deny the allegations contained in Paragraph 7, Count V.

8.    That on said date, it was the duty of Defendants and Defendants' agents and employees to refrain from neglecting Plaintiff pursuant to the Act at 210 ILCS 45/2-107.

**ANSWER**:    Each Defendant states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Each Defendant denies all other allegations of Paragraph 8, Count V, and specifically that this statute applies.

9.    That on that same date, Defendants, through their employees and agents, violated their duty to Plaintiff by committing the following acts and/or omissions:

a.    That Defendants failed to provide adequate medical care, within the meaning of 210 ILCS   45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to his injuries and physical deterioration;

b.   That Defendants failed to provide adequate personal care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to his injuries and physical deterioration,

c.   That Defendants failed to provide adequate maintenance, within the meaning of 210 ILCS 45/1-117 to the Plaintiff, SHARON K. PAGEL, that lead to his injuries and physical deterioration;

d.   That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117, that lead to his injuries and physical deterioration.

e.   That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendant failed to properly assess Plaintiff's risk of developing decubitus ulcers;

f.   That the Defendants neglected Plaintiff, SHARON K PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendant failed to take into account Plaintiff's medical history in developing a reasonable plan for reducing her risk of developing decubitus ulcers;

g.   That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants failed to adequately examine Plaintiff for early signs of decubitus ulcers;

h.   That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants failed to provide Plaintiff with adequate skin care that would be reasonably expected to reduce her risk of developing decubitus ulcers;

I.   That the Defendants neglected Plaintiff, SHARON K.PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants caused Plaintiff to develop decubitus ulcers as a result of the negligent conduct enumerated in e)–h) above;

j.   That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210-ILCS 45/1-117 in that Defendants failed to document the development of Plaintiff's decubitus ulcers;

k.   That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants failed to discover that Plaintiff had developed decubitus ulcers; and

l.   That the Defendants neglected Plaintiff, SHARON K. PAGEL, within the meaning of 210 ILCS 45/1-117 in that Defendants failed to adequately treat Plaintiff's decubitus ulcers.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 9, (a) through (l) inclusive, Count V.

10.    That as a direct and proximate result of Defendants' violation of their duty as aforesaid, Plaintiff developed and/or experienced a worsening of her decubitus ulcers which eventually increased in size and severity.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 10, Count V.

11.    That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering and medical expenses.

**ANSWER**:    Each Defendant denies the allegations of Paragraph 11, Count V.

12.    That the NURSING HOME CARE ACT, as amended, provides that the "licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part I of Article II of this Act, are violated. "210 ILCS 45/3-602.;

**ANSWER**:    Each Defendant admits that the statute 210 ILCS 45/3-602 exists, and denies the remaining allegations of Paragraph 12, Count V, and specifically deny that this statute applies.

13.    That the NURSING HOME CARE ACT, as amended, provides that the "owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employee which injures the resident." "210 ILCS 45/3-601.

**ANSWER**:    Each Defendant admits that the statute 210 ILCS 45/3-601 exists, and denies the remaining allegations of Paragraph 12, Count V, and specifically deny that this statute applies.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., *et al.*, state that

Plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court

dismiss this cause with prejudice and costs.

Respectfully submitted,


 /s/ Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:     (312) 578-7524
Fax:             (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendant*