## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHARON K. PAGEL, | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | |
| | ) | NO.   08 CV 831 |
| SUNRISE SENIOR LIVING MANAGEMENT, | ) | |
| INC., a Virginia Corporation; and UNKNOWN | ) | Judge Der Yeghiayan |
| AGENTS, SERVANTS AND/OR EMPLOYEES | ) | |
| OF THE ABOVE-NAMED DEFENDANT, | ) | Magistrate Judge Cox |
| | ) | |
| Defendant(s). | ) | |

## SECOND AMENDED COMPLAINT AT LAW

## COUNT I

## NEGLIGENCE

NOW COMES the Plaintiff, SHARON K. PAGEL, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for her complaint against Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.     That on and before December 25, 2005 and at all times material, Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, was the owner, licensee, and/or operator of an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

2.     That at all times relevant, the Defendant was under a duty to own, operate, manage, maintain and control the property and its assisted-living facility with ordinary and reasonable care.

3.     That on and before December 25, 2005, and at all times material, Plaintiff, SHARON K. PAGEL, was a resident of Defendant's assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

4.      That on and before December 25, 2005, and at all times material, Defendant provided for an additional fee staff administration of medications to Plaintiff.

5.      That on said date, it was the duties of Defendant and Defendant's agents to own, operate, manage, maintain and control the facility with ordinary and reasonable care.

6.      That on that same date, Defendant, individually and through its employees and agents, violated its duty to Plaintiff by committing the following acts and/or omissions:

    a.   That Defendant failed to administer Plaintiff's prescription medication to Plaintiff;

    b.   That Defendant failed to provide adequate supervision to the Plaintiff, when Defendant knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

    c.   That Defendant failed to properly attend to the Plaintiff by leaving her prescription medication in her room, permitting the Plaintiff to administer her own prescription medication when the Defendant knew or should have known that the Plaintiff was incapable of properly administrating her own prescription medication;

    d.   That Defendant failed to properly maintain the Plaintiff's prescription medication in that said medication was left unattended in Plaintiff's room when Defendant knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

    e.   That the Defendant failed to obtain sufficient and proper trained personnel who could attend to the Plaintiff; and

    f.   That the Defendant failed to adequately train and supervise its agents in the proper maintenance and care of its residents such as Plaintiff.

7.      That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff overdosed on her prescription medication when she attempted to administer her own prescription medication.

8.      That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained

severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and lost, and will continue to lose, the value of that time as aforementioned. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

WHEREFORE, Plaintiff, SHARON K. PAGEL, prays for judgment against Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, in an amount in excess of FIFTY-THOUSAND ($50,000.00) DOLLARS, plus costs of this action.

## COUNT II

### BREACH OF CONTRACT

NOW COMES the Plaintiff, SHARON K. PAGEL, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for her complaint against Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.      That on and before December 25, 2005 and at all times material, Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, was the owner, licensees, and/or operators of an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

2.      That on and before December 25, 2005, and at all times material, Plaintiff, SHARON K. PAGEL, was a resident of Defendant's assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

3.      That on and before said date, a contract was entered into between the Plaintiff and Defendant, which included additional assisted living services.

3

4.    That pursuant to said contract, an additional fee was paid by the Plaintiff for the Defendant to perform additional assisted living services.

5.    That it was contracted between the parties that additional assisted living services would be provided for an additional fee, including staff administration of medications to Plaintiff.

6.    That on December 25, 2005, said contract between the Plaintiff and Defendant was in full force and effect.

7.    That on said date, it was the duty of Defendant and Defendant's agents to perform the services that were contracted between the Plaintiff and Defendant.

8.    That on that same date, Defendant, individually and through its employees and agents, breached said contract by committing the following acts and/or omissions:

    a.  That Defendant failed to administer Plaintiff's prescription medication to Plaintiff;

    b.  That Defendant failed to provide adequate supervision to the Plaintiff, when Defendant knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

    c.  That Defendant failed to properly attend to the Plaintiff by leaving her prescription medication in her room, permitting the Plaintiff to administer her own prescription medication when the Defendant knew or should have known that the Plaintiff was incapable of properly administrating her own prescription medication;

    d.  That Defendant failed to properly maintain the Plaintiff's prescription medication in that said medication was left unattended in Plaintiff's room when Defendant knew or should have known that the Plaintiff was incapable of properly administering her own prescription medication;

    e.  That the Defendant failed to obtain sufficient and proper trained personnel who could attend to the Plaintiff.

9.    That as a direct and proximate result of Defendant's breach of contract as aforesaid, Plaintiff overdosed on her prescription medication when she attempted to administer her own prescription medication.

10.    That as a direct and proximate result of Defendant's breach of contract, the Plaintiff then and there sustained severe and permanent injuries and was, and will be,

hindered and prevented from attending to her usual duties and affairs of life, and lost, and will continue to lose, the value of that time as aforementioned. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

WHEREFORE, Plaintiff, SHARON K. PAGEL, prays for judgment against Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, in an amount in excess of FIFTY-THOUSAND ($50,000.00) DOLLARS, plus costs of this action.

## COUNT III

### NEGLIGENCE

NOW COMES the Plaintiff, SHARON K. PAGEL, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for her complaint against Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.    That on and before January of 2007 and at all times material, Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, was the owner, licensee and/or operator of an assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

2.    That at all times relevant, the Defendant was under a duty to own, operate, manage, maintain and control the property and its assisted-living facility with ordinary and reasonable care.

3.    That on and before January of 2007, and at all times material, Plaintiff, SHARON K. PAGEL, was a resident of Defendant's assisted-living facility commonly known as Sunrise Assisted Living of Lincoln Park located at 2710 North Clark Street in the City of Chicago, County of Cook and State of Illinois.

4.     That on said date, it was the duty of Defendant and Defendant's agents to own, operate, manage, maintain and control the facility with ordinary and reasonable care.

5.     That on that same date, Defendant, individually and through its employees and agents, violated its duty to Plaintiff by committing the following acts and/or omissions:

  a.   That Defendant failed to adequately examine Plaintiff for early signs of decubitus ulcers;

  b.   That the Defendant failed to provide Plaintiff with adequate skin care that would be reasonably expected to reduce his risk of developing decubitus ulcers;

  c.   That the Defendant failed to properly care and maintain Plaintiff causing her to develop decubitus ulcers;

  d.   That the Defendant failed to document the development of Plaintiff's decubitus ulcers;

  e.   That the Defendant failed to discover that Plaintiff had developed decubitus ulcers;

  f.   That the Defendant failed to adequately treat Plaintiff's decubitus ulcers;

  g.   That the Defendant failed to adequately train and supervise its agents in the proper maintenance and care of its residents such as Plaintiff in that Plaintiff developed decubitus ulcers; and

  h.   That the Defendant failed to transfer Plaintiff to a nursing home so that Plaintiff might receive a higher level of care for her decubitus ulcers.

6.     That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff developed and/or experienced a worsening of her decubitus ulcers which eventually increased in size and severity.

7.     That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and lost, and will continue to lose, the value of that time as aforementioned.  Further, Plaintiff has expended large sums of

6

money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain and anguish from said injuries.

WHEREFORE, Plaintiff, SHARON K. PAGEL, prays for judgment against Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, in an amount in excess of FIFTY-THOUSAND ($50,000.00) DOLLARS, plus costs of this action.

Respectfully submitted,

s/Derek Allen
Derek Allen
Law Offices of Steven J. Malman
& Associates, P.C.
Attorney for Plaintiff
205 West Randolph Street
Suite 1040
Chicago, IL 60606
312-629-0099
email: malmanlaw@yahoo.com

## CERTIFICATE OF SERVICE

I, Derek T. Allen hereby certify that, in accordance with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF) the following document: **PLAINTIFF'S SECOND AMENDED COMPLAINT** was served pursuant to the District Court's ECF system as to ECF filers and sent by first class mail on this 23rd day of December, 2008, to:

> Daniel B. Mills
> Pedro Koe-Krompecher
> Robert Sidkey
> Pretzel & Stouffer, Chartered
> Attorneys for Defendants
> One South Wacker Drive
> Suite 2500
> Chicago, IL 60606
> 312-346-1973
> email: dmills@pretzel-stouffer.com

> s/Derek T. Allen
> Attorney for Plaintiff
> Law Offices of Steven J. Malman
> & Associates, P.C.
> 205 W. Randolph St., Suite 1040
> Chicago, Illinois 60606
> Telephone: (312) 629-0099
> Fax: (312) 629-1188
> Email: malmanlaw@yahoo.com